**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM HENRY SHERRATT,

  Plaintiff - Appellant,

v.

ROBERT T. BRAITHWAITE, DAVID DOXEY, and MARK GOWER,

  Defendants - Appellees.

No. 07-4168

(D. Utah)

(D.C. No. 2:05-CV-658-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

William Henry Sherratt, a Utah state prisoner proceeding pro se, appeals from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights suit. In a thorough order, the district court liberally construed Sherratt's vague complaint as mounting challenges to his state court prosecution and the resolution of his state court petition for post-conviction relief. The district court noted that the contents of Sherratt's civil rights complaint were nearly identical to a 28 U.S.C. § 2254 habeas petition he had filed in federal district court shortly after the filing of the instant civil rights complaint. Given the timing and nearly identical content of the two suits, the district court concluded it was most likely the instant civil rights complaint was intended as a collateral attack on Sherratt's conviction. Because such relief was only available in a habeas petition, *Heck v. Humphrey*, 512 U.S. 477, 480-82 (1994), the district court determined Sherratt's complaint should be dismissed without prejudice. In the alternative, even assuming the complaint was intended solely to vindicate Sherratt's civil rights, the district court noted the resolution of the complaint in Sherratt's favor would necessarily imply the invalidity of Sherratt's conviction. Thus, *Heck* barred Sherratt's civil rights complaint absent a showing Sherratt's conviction had been overturned on direct appeal or in collateral proceedings. *Id.* at 483-87. Accordingly, the district court determined dismissal without prejudice of Sherratt's complaint was appropriate no matter how the complaint was construed.

This court has undertaken de novo review of the district court's resolution of Sherratt's position. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (reviewing de novo dismissal under 28 U.S.C. § 1915(e)). That review

demonstrates the district court's resolution of Sherratt's civil rights complaint is clearly correct.  Accordingly, we **AFFIRM** for substantially those reasons set out in the order of the district court dated July 11, 2007.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge